Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **STEVE BENTON,** <br><br> Plaintiff, <br><br> v. <br><br> **EQUIFAX INFORMATION SERVICES, LLC, and PROFESSIONAL CREDIT SERVICE,** <br><br> Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.** <br><br> **Case No.:** 1:20-cv-00019-DBP <br><br> **Magistrate Judge: Dustin B. Pead** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair

the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Steve Benton ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and PROFESSIONAL CREDIT SERVICE ("Professional Credit") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Salt Lake, State of Utah.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").
9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Lake, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Salt Lake, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
11. Defendant Equifax is a limited liability company doing business in the State of Utah.
12. Defendant Professional Credit is a debt collection agency doing business in the State of Utah.
13. Defendant Professional Credit is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.
14. Defendant Equifax is a national credit reporting agency, doing business in Utah, with a principal place of business in Georgia.

## GENERAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of Utah.
16. At all times relevant, Defendants conducted business in the State of Utah.
17. Plaintiff's account no. 8201460006505709 was assigned to Professional Credit (the "Account").
18. On or about May 28, 2019, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 19-23832 (the "Bankruptcy").
19. The Account was included in the Bankruptcy and Defendant Professional Credit and/or the previous owner of the Account received notice of the Bankruptcy.
20. On or about August 28, 2019, Plaintiff received a Chapter 7 Bankruptcy discharge.
21. Defendant Professional Credit filed no proceeding to declare the Account "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
22. Defendant Professional Credit also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue Plaintiff personally for any underlying debt on the Account.
23. Defendant Professional Credit was listed in the schedule of creditors and received notice of the discharge order, discharging all debts due and owing on the Account.
24. Accordingly, the Account was fully discharged through the Bankruptcy.
25. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for Defendant Professional Credit to report any post-Bankruptcy derogatory collection information on the Account.

26. Defendant Professional Credit's attempt to collect any debt on the Account by reporting post-Bankruptcy derogatory information is therefore false or inaccurate and prohibited by the automatic stay and/or discharge order.

27. Plaintiff subsequently learned that Defendants reported post-Bankruptcy derogatory credit information regarding the Account on Plaintiff's credit report, thereby causing erroneous, inaccurate, and negative credit information to be reported on Plaintiff's credit files.

28. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and his "fresh start".

## Equifax and Professional Credit
### Reported Inaccurate and Derogatory Information on the Account

29. In an Equifax credit report dated October 23, 2019, Professional Credit and Equifax reported the following inaccurate and derogatory information on Account:

    - Balance: $5,735

30. Equifax and Professional Credit should not have reported derogatory information on this Professional Credit account after May 28, 2019, because Plaintiff had filed for Bankruptcy on May 28, 2019.

31. Equifax and Professional Credit especially should not have reported derogatory information on this Professional Credit account after August 28, 2019 because this Professional Credit account was discharged in Plaintiff's chapter 7 bankruptcy on that date.

32. On or about November 15, 2019, Plaintiff disputed the inaccurate and derogatory information on the Account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the inaccurate and derogatory credit information being furnished by Professional Credit on the Account.

33. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax disputing the above inaccurate and derogatory information and requesting it be corrected and removed as follows:

- Immediately correct this account and the disputed derogatory information from my credit report.

- The discharged debt should be reported with a balance of $0.

- If you do not immediately correct this account on my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

**Defendants' Continued Inaccurate and Derogatory Reporting on the Account**

34. Upon information and belief, Equifax timely notified Professional Credit of Plaintiff's dispute, but Defendants continued reporting the inaccurate and derogatory information on the Account.

35. Defendants were required to conduct a reinvestigation into the disputed inaccurate and derogatory information on the Account information being reported on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

36. On or about December 14, 2019, Plaintiff received notification from Equifax that Defendant Professional Credit had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

37. After receiving notice of Plaintiff's dispute, Defendants republished the inaccurate and derogatory information on the Account.

38. Rather than updating Plaintiff's Account to show zero balance, Defendants retained the inaccurate and derogatory information and then republished the inaccurate and derogatory information on Plaintiff's report.

39. According to Equifax's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "the current condition of the account as of the Date Reported."

40. Reporting the status of the Account as having a past due balance after August 28, 2019 is inaccurate and misleading because the Account was

discharged in bankruptcy on August 28, 2019, thereby reducing any balance due and owing to zero.

41. Since Plaintiff's dispute, by reporting the current status of the Account as currently being reported and by failing to update the current balance to "zero," Defendants have been intentionally and willfully reporting and republishing inaccurate and derogatory post-bankruptcy discharge information.

42. Plaintiff is informed and believes that his credit score is taking a "double-hit", once for his bankruptcy, and once again for the negative balance being reported on the Account.

43. Additionally, Defendants' reporting of a balance and a past due balance is incorrect as the Account was discharged in bankruptcy and there is thus no current balance that is due and owing on the Account.

44. Plaintiff is informed and believes and thereon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Professional Credit responding and verifying the disputed information to the credit reporting agencies, Defendant Professional Credit failed to investigate Plaintiff's bankruptcy filings to ensure the Account was included in bankruptcy, so to ensure it was correctly reporting on the Account.

45. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Equifax responding and verifying the disputed information to Plaintiff, Equifax failed to check Plaintiff's bankruptcy filings to ensure the Account was included in the Bankruptcy to aid in reporting the correct status of the Account.

46. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Professional Credit responding and verifying the incorrect information to the credit reporting agencies, Defendant Professional Credit failed to communicate with Equifax to aid in reporting the correct status of the Account.

47. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Equifax responding and verifying the incorrect information to Plaintiff, Defendant Equifax failed to communicate with Defendant Professional Credit to aid in reporting the correct status of Plaintiff's Account.
48. Defendants further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status of Plaintiff's Account.
49. Therefore, Defendants, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).
50. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
51. Due to Defendants failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate and derogatory information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
52. Plaintiff's continued efforts to correct Defendants' erroneous and negative information by disputing the reporting on the Account with Defendants were futile.
53. Defendants' continued inaccurate and negative reporting on the Account in light of its knowledge of the actual errors was willful.
54. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.
55. By inaccurately reporting information on the Account after notice and confirmation of the inaccurate information, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
57. The foregoing acts and omissions of each Defendant constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
58. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.
59. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 19, 2020                                        Respectfully submitted,

                                                         BY: /s/ RYAN MCBRIDE_____
                                                         RYAN MCBRIDE, ESQ.
                                                         ATTORNEY FOR PLAINTIFF